UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILL D. HAMILTON,

    Plaintiff,

v.                                          Case No:  8:14-cv-3190-T-23AEP

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB").  As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and did not employ proper legal standards, it is recommended that the Commissioner's decision be reversed and remanded.

**I.**

**A.**    **Procedural Background**

Plaintiff filed an application for a period of disability and DIB.  Tr. 15.  The Commissioner denied Plaintiff's claims both initially and upon reconsideration.  Tr. 42-52; 54-63. Plaintiff then requested an administrative hearing.  Tr. 81.  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified.  Tr. 26-41.  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits.  Tr. 10-25.  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied.  Tr. 1-9.  Plaintiff then timely filed a complaint with this Court.  Doc. 1.  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1958, claimed disability beginning March 31, 2010. Tr. 15. Plaintiff did not complete high school and does not have a GED. Tr. 30-31. Plaintiff's past relevant work experience included work as a tire changer. Tr. 32. Plaintiff alleged disability due to back pain, shoulder pain, and tuberculosis. Tr. 31-40.

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2015 and had not engaged in substantial gainful activity since March 31, 2010, the alleged onset date. Tr. 15. After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease and pulmonary tuberculosis. Tr. 15. Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 16. The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform the full range of medium work. Tr. 16. In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of the symptoms Plaintiff experienced were not credible to the extent that they were inconsistent with the RFC. Tr. 16-20.

Considering Plaintiff's noted impairments as well as his age, education, work experience, and RFC the ALJ further determined that Plaintiff was not disabled and there are jobs that exist in significant numbers in the national economy that the claimant can perform. Tr. 20-21.

**II.**

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*).

### III.

Plaintiff argues here that the ALJ erred by (A) failing to consider the opinion of the agency's reviewing physician Dr. Krishnamurthy, (B) failing to include RFC limitations as identified by the Agency's examining and reviewing physicians, (C) failing to consider the severity and functional effects of all Plaintiff's medically-established impairments, (D) failing to conduct a proper credibility analysis, and (E) failing to obtain testimony of a vocational expert. Plaintiff also contends that (F) the ALJ made so many legal errors that it would be impossible for the Court to conduct a meaningful review. For the reasons that follow, the ALJ

failed to apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

### A. The ALJ failed to consider the opinion of the Agency's reviewing physician.

Plaintiff argues that the ALJ's decision must be reversed and remanded because the ALJ did not consider or even mention the opinion of Dr. Krishnamurthy. When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). In addition, because state agency consultants are "highly qualified physicians . . . who are also experts in Social Security," and ALJ "must consider" their findings. 20 C.F.R. § 404.1527(e)(2)(i).

In the opinion, the ALJ never mentions, refers to, or considers the opinion of Dr. Krishnamurthy. The ALJ's failure to assess the opinion of Dr. Krishnamurthy is reversible error. Plaintiff told Dr. Krishnamurthy that he suffered constant lower-back pain and that he limited his daily activities to avoid pain. Tr. 57-58. Dr. Krishnamurthy noted that Plaintiff

could walk on heels, walk on toes, squat, and could do deep knee bending with difficulty.  Tr. 58.  He also noted that Plaintiff could only rise from his chair and move about the room with difficulty, exhibiting slow wide based tandem gait.  Tr. 58.  Although Dr. Krishnamurthy was not convinced that the severity of the reported symptoms was consistent with the medical evidence, he noted that "the symptoms . . . appear to be credible to the medically determinable impairment that causes some limitation to the residual function."  Tr. 59.  After considering this evidence, Dr. Krishnamurthy concluded that Plaintiff had postural limitations related to his ability to climb stairs, stoop, kneel, crouch, and crawl, specifically that he could only perform these activities in a frequent rather than unlimited manner.  Tr. 60-61.

These findings are more than a one-off diagnosis.  For example, Dr. Hughes's findings support those of Dr. Krishnamurthy.  He noted that Plaintiff arose from his chair and moved with difficulty.  Tr. 9.  In addition, Plaintiff exhibited difficulty with squatting and deep knee bending.  Tr. 209.  Plaintiff also did not exhibit the full range of motion in his lumbar spine: 60 degree range in forward flexion (rather than 90 degree) and 10 degree extension and lateral flexion (rather than 25 degree).  Tr. 210.

The ALJ's failure to consider Dr. Krishnamurthy's testimony is most blatant with respect to the ALJ's opinion that Plaintiff could perform medium work.  Despite Dr. Krishnamurthy's analysis, the ALJ concluded that Plaintiff had no postural limitations.  Tr. 16.  In making this finding, far from considering and rejecting the opinion of Dr. Krishnamurthy, the ALJ did not consider his opinion at all, even in light of the Social Security regulation which requires the Agency to consider the opinion of its own medical consultant.  *See* 20 C.F.R. § 404.1527(e)(2)(i).  The Commissioner urges that any error regarding a failure to consider Dr. Krishnamurthy's decision would be harmless in light of the other evidence of record.  However, this conclusion would require the Court to essentially perform a new evaluation of the evidence,

determining the weight which should have been accorded to the opinion of Dr. Krishnamurthy. The Court will not substitute its own determination of the importance and relevance of Dr. Krishnamurthy's opinion in place of what should have been the Agency's own evaluation. Accordingly, substantial evidence neither supports the decision to reject the opinion of Dr. Krishnamurthy, nor the decision to fail to consider postural limitations of climbing stairs, stooping, kneeling, crouching, and crawling as would have supported by Dr. Krishnamurthy's findings. The ALJ's decision must be reversed and remanded on these grounds, and the ALJ should consider the opinion of Dr. Krishnamurthy (or provide reasons for discounting his opinion) in any step of the sequential analysis in which it may be relevant.

**B. Because the ALJ failed to consider the opinion of the Agency's reviewing physician, the ALJ's assessment of Plaintiff's RFC is not supported by substantial evidence.**

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1527, 416.920(a)(4)(iv), 416.927. To determine a claimant's RFC, an ALJ makes an assessment based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all of the other evidence of record and will consider all of the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole").

Plaintiff urges the Court to reverse and remand the decision of the ALJ because the ALJ failed to include any postural limitations in his assessment of Plaintiff's RFC. *See* Tr. 16.

7

Because the ALJ did not consider the opinion of Dr. Krishnamurthy in any way, an opinion which did note several postural limitations, the ALJ's decision to reject postural limitations was not supported by substantial evidence and must be reversed and remanded. *See* Section III.A, *supra*. On remand the ALJ should consider Dr. Krishnamurthy's opinion in determining what postural limitations, if any, Plaintiff possesses.

### C. On remand, the ALJ should consider or give reasons for not considering Dr. Krishnamurthy's opinion in conjunction with Plaintiff's other symptoms.

At step two of the sequential evaluation process, a claimant must show that he or she suffers from an impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520, 404.1521, 416.920, 416.921. A claimant need show only that his or her impairment is not so slight and its effect is not so minimal that it would clearly not be expected to interfere with his or her ability to work. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984) (*per curiam*). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). In other words, an impairment or combination of impairments is not considered severe where it does not significantly limit the claimant's physical or mental ability to perform basic work activities. *Turner v. Comm'r of Soc. Sec.*, 182 Fed. App'x 946, 948 (11th Cir. 2006) (*per curiam*).

Plaintiff argues that the ALJ erred in failing to determine that Plaintiff's obesity and shoulder injury were not severe. Nevertheless, the finding of *any* severe impairment, whether or not it results from a single severe impairment or a combination or impairments that together qualify as severe, is enough to satisfy step two. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see Packer v. Comm'r, Soc. Sec. Admin.*, 542 Fed. App'x 890, 892 (11th Cir. 2013)

8

("[T]he ALJ determined at step two that at least one severe impairment existed; the threshold inquiry at step two therefore was satisfied); *see Heatly v. Comm'r of Soc. Sec.*, 382 Fed. App'x 823, 824-25 (11th Cir. 2010) (noting that an ALJ's failure to identify an impairment as severe, where the ALJ found that the plaintiff suffered from at least one severe impairment, constituted harmless error and was, in fact, sufficient to meet the requirements of step two and additionally noting that nothing requires the ALJ to identify, at step two, all of the impairments that could be considered severe). Here, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease and pulmonary tuberculosis. Tr. 15. Accordingly, since the ALJ determined that Plaintiff suffered from multiple severe impairments at step two, and thus proceeded beyond step two in the sequential analysis, any error in failing to find that Plaintiff suffered from other severe impairments, including obesity and a shoulder injury, is rendered harmless. *Gray v. Comm'r of Soc. Sec.*, 550 Fed. App'x 850, 853-54 (11th Cir. 2013); *Packer*, 542 Fed. App'x at 892; *Heatly*, 382 Fed. App'x at 824-25.

Plaintiff further argues that the ALJ failed to adequately take into account Plaintiff's obesity and shoulder injury in conjunction with the other noted severe impairments. However, because the Court has already decided to remand this decision in light of the ALJ's failure to evaluate the opinion of Dr. Krishnamurthy, the Court declines here to decide whether the ALJ adequately took into account Plaintiff's obesity and shoulder injury in his RFC assessment. *See* Sections III.A; III.B, *supra*.

### D. On remand, the ALJ should take into account Dr. Krishnamurthy's opinion in conducting a credibility analysis, or he should provide reasons why Dr. Krishnamurthy's opinion should be discounted.

In addition to the objective evidence of record, the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§

404.1529, 416.929. In social security disability cases, credibility determinations fall within the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). Typically, the ALJ makes credibility determinations regarding a claimant's subjective complaints and must provide specific reasons for the credibility finding. *Holt v. Sullivan*, 921 F.2d 1221,1223 (11th Cir. 1991); Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A. July 2, 1996). To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225; *see* 20 C.F.R. §§ 404.1529, 416.929. When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225; *Foote v. Chater,* 67 F.3d 1553, 1561-62 (11th Cir. 1995). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

In the joint memorandum, Plaintiff and the Commissioner acknowledge that the ALJ put forth eight reasons for discounting Plaintiff's testimony: (1) that the medical evidence did not note the absence of gross and marked functional deficits, (2) that there was no functional assessment limiting Plaintiff to less that medium work, (3) that no treating physician identified restrictions, (4) that radiology results showed minimal restrictions, (5) that examination findings were benign, (6) that there was no specialized treatment, (7) that Plaintiff helped a friend replace a window after the stated disability onset date, and (8) that Plaintiff received unemployment benefits.

As stated above, this case must be remanded to consider the opinion of Dr. Krishnamurthy, especially regarding his opinion that Plaintiff suffered several functional

limitations. *See* Sections III.A; III.B, *supra*. Regarding the ALJ's assessment of Plaintiff's credibility, the missing assessment of Dr. Krishnamurthy's testimony could potentially speak to at least the ALJ's conclusion to discount Plaintiff according to reasons (1) and (2). As discussed above, Dr. Krishnamurthy found Plaintiff credible and did note several postural limitations, although he did ultimately conclude that Plaintiff could perform medium work. Tr. 60-62. On remand, the ALJ should consider what effect, if any, Dr. Krishnamurthy's findings have on Plaintiff's credibility.

### E. On remand, the ALJ's should consider or provide a rationale for not considering the opinion of Dr. Krishnamurthy in choosing to rely on the Grids rather than a vocational expert.

At step five, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show other jobs exist in the national economy which, given the claimant's impairments, the claimant can perform. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citation omitted); *see Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted). There are two avenues by which an ALJ may determine a claimant's ability to adjust to other work in the national economy; namely, by applying the Medical Vocational Guidelines ("Grids") and by the use of a VE. *Phillips*, 357 F.3d at 1239-40. Typically, where the claimant cannot perform a full range of

11

work at a given level of exertion or where the claimant has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating the claimant can perform other jobs is through the testimony of a VE. *Jones*, 190 F.3d at 1229. Indeed, exclusive reliance on the Grids is not appropriate under either of those circumstances. *Phillips*, 357 F.3d at 1242.

When both exertional and non-exertional impairments exist, the Grids may still be applicable, however. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Indeed, where the ALJ considers the non-exertional limitations, the ALJ need only determine whether the non-exertional limitations significantly limit the claimant's basic work skills, meaning that the claimant has limitations that prohibit him or her from performing "a *wide* range" of work at a given level. *Phillips*, 357 F.3d at 1243 (emphasis in original); *Sryock*, 764 F.2d at 836 ("'[N]on-exertional limitations can cause the grid to be inapplicable only when the limitations are severe enough to prevent a wide range of gainful employment at the designated level'" (citations omitted)). If the ALJ determines that a claimant's non-exertional limitations do not significantly limit his or her basic work skills at a specific work level, the ALJ may rely on the Grids in determining whether the claimant is disabled. *Phillips*, 357 F.3d at 1243. If, however, the ALJ determines that a claimant's non-exertional limitations significantly limit the claimant's basic work skills at a given work level, the ALJ must consult a VE. *Id.* Applying the Grids to a claimant who has non-exertional impairments requires the ALJ to make a "specific finding" as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level. *Foote*, 67 F.3d at 1559; *see also Sryock*, 764 F.2d at 836. Courts review the ALJ's determination regarding the severity of the non-exertional impairments only to determine whether it is supported by substantial evidence. *Sryock*, 764 F.2d at 836.

As noted above, Dr. Krishnamurthy determined that Plaintiff had several non-exertional limitations regarding his ability to climb stairs, stoop, kneel, crouch, and crawl. The ALJ is required to make a "specific finding," that Plaintiff's non-exertional limitations do not significantly limit a wide range of employment at the given work capacity level in order to rely on the Grids rather than a VE. *See Foote*, 67 F.3d at 1559; *see also Sryock*, 764 F.2d at 836. Because the ALJ has not considered Dr. Krishnamurthy before, the ALJ should consider his testimony on remand or give reasons as to why his opinion should be discounted. *See* Sections III.A; III.B, *supra*.

**F. In light of the ALJ's failure to consider the opinion of Dr. Krishnamurthy, whether the ALJ made so many legal errors as to make meaningful review impossible is moot.**

Plaintiff argues that due to the issues identified above, the Court must remand the decision because meaningful judicial review would be impossible. The Court declines to address Plaintiff's concern at this time. As explained more fully above, the Court has already concluded that this cause should be remanded to consider the opinion of Dr. Krishnamurthy. *See* Sections III.A; III.B *supra*.

**IV.**

Accordingly, after due consideration and for the foregoing reasons, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be reversed and remanded.

2. The Clerk be directed to enter final judgment in favor of the Plaintiff and close the case.

IT IS SO REPORTED in Tampa, Florida, on this 11th day of February, 2016.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.


cc:	Hon. Steven D. Merryday
	Counsel of Record